UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DEDVUKAJ,

                      Plaintiff,            No. 05-CV-72308-DT

vs.                                            Hon. Gerald E Rosen

TIMOTHY (TIM) MALONEY, et al.,

                      Defendants.
_____/

ORDER VACATING ORDER OF DISMISSAL
AND REINSTATING CASE

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on       October 6, 2005

                PRESENT:  Honorable Gerald E. Rosen
                                 United States District Judge

        The above-captioned matter is presently before the Court on Plaintiff's July 27, 2005 "Motion to Set Aside Order of Dismissal and to Reinstate Case," which the Court construes as a Motion for Reconsideration of the Court's July 25, 2005 Order dismissing this case in its entirety, without prejudice. The Court dismissed this case when Plaintiff failed to correct the jurisdictional deficiencies in his Complaint after being instructed by the Court in its June 27, 2005 Order to Show Cause what was needed to do so.

        Plaintiff filed his Complaint in this action alleging diversity of citizenship as the basis for federal subject matter jurisdiction. Upon reviewing Plaintiff's Complaint, the Court noted several jurisdictional deficiencies and, therefore, on June 27, 2005 issued an

1

Order to Show Cause, directing Plaintiff to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction.  In the June 27 Order to Show Cause, the Court provided Plaintiff with explicit instructions as to what was required to establish the citizenship of an "LLC."  Specifically, the Order instructed Plaintiff that "[u]nlike corporations, limited liability companies -- like general and limited partnerships -- are not considered citizens of any state for diversity purposes; consequently the relevant citizenship of such unincorporated associations is the citizenship of each member of the L.L.C," and provided Plaintiff with case citations further delineating this requirement.  Despite those instructions, Plaintiff responded to the show cause order by filing an Amended Complaint which, like his original Complaint, with respect to the citizenship of "Mr. Markdown, LLC" alleged only that

> Defendant, Mr. Markdown, LLC, is a limited liability company incorporated under the laws of the state of New York having its principal place of business in a state other than the State of Michigan

and that

> Defendant, Timothy Maloney, . . . is the owner of Markdown, LLC, and operates a distribution warehouse located in Syracuse New York.

[Amended Complaint, ¶ 2, 3.]

Nowhere in his Reply to the Order to Show Cause or in his Amended Complaint did Plaintiff allege any facts from which to establish the citizenship of all of the members of the LLC as instructed in the Show Cause Order.  Therefore, the Court dismissed the case, for failure to establish federal subject matter jurisdiction, without prejudice.

Plaintiff now seeks reconsideration of that dismissal order and in his motion

finally alleges that "Mr. Maloney, a citizen of New York, is the sole member of Mr. Markdown LLC."

The grounds for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Court Rule7.1(h)(3):

> Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

The Court has reviewed Plaintiff's request for reconsideration and finds that Plaintiff has met the Local Rule's requirements.   Plaintiff's allegation in his Motion concerning Mr. Maloney's citizenship and his status as sole member of the LLC cures the jurisdictional deficiencies which precipitated the dismissal of his case.

For these reasons,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's "Motion to Set Aside Order of Dismissal and to Reinstate Case" be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall re-open this case and reinstate it on the Court's active docket.

                                          s/Gerald E. Rosen
                                          Gerald E. Rosen

                                          United States District Judge

Dated:  October 6, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2005, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager